UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER, | No. 2:19-cv-00013 KJM GGH P |
| Petitioner, | |
| v. | ORDER |
| HUNTER ANGELA, | |
| Respondent. | |

*Introduction and Summary*

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition on account of unexhausted claims in the petition. ECF No. 13. For the reasons stated herein, the Motion to Dismiss is denied without prejudice to its renewal after an amended petition is filed.

*The Petition*

Petitioner, an inmate within California Department of Corrections and Rehabilitation, was convicted of one count of making criminal threats while housed at Mule Creek State Prison. Because petitioner's briefing within the petition modifies or supplements his titled claims with

////

////

1

subsidiary claims, it is difficult to understand the precise claims raised. As best as the undersigned can determine at present, petitioner raises the following claims:

1. Insufficient Evidence of Criminal Threats based upon petitioner's view that certain necessary elements of liability for criminal threats lacked evidence;
2. Ineffective Assistance of Advisory Counsel with Respect to Plea Negotiations; petitioner faults his advisory attorney for giving him bad advice with respect to a plea negotiation, but also appears to fault his appellate attorney for some unspecified reason with respect to this issue;
3. Denial of Mistrial Motion Regarding Jury Substitutions; petitioner also alludes to an administrative snafu with respect to verdict forms, i.e., the jury had to reconvene to determine an issue which should have been given to it previously along with other issues; and
4. Use of Prior Convictions to Demonstrate Intent in the guilt phase trial; petitioner also appears to believe that the jury's finding of his prior convictions for sentencing purposes was some type of double jeopardy and/or Apprendi issue.

The undersigned is not going to finally guess which claims petitioner has really made as the prospect of a never-ending moving target of claims throughout this litigation is predictable. Moreover, the sentence in this case is lengthy (25 years to life plus seven years); this petition needs to be handled properly. Therefore, the petition will be dismissed with leave to amend.

In filing an amended petition, petitioner shall not combine multiple claims within one titular claim. That is, if petitioner has an issue involving advisory counsel during plea negotiations, that is a singular issue. If petitioner believes his appellate attorney dropped the ball with respect to the plea-bargaining issue; that is a separate issue. If petitioner believes that his prior convictions should not have been utilized in the guilt phase of trial, he shall so state. If petitioner believes that the use and/or finding of prior convictions or sentencing purposes violated a federal constitutional right, that is a separate issue. The denial of petitioner's mistrial motion based on substituted jurors is a separate issue from whether all verdict forms were appropriately presented to the jury.

*For each separate claim, petitioner shall specify in the amended petition where that individual issue was expressly proffered to the California Supreme Court for adjudication.* If petitioner recognizes an issue as not exhausted, he shall so state. Petitioner shall also inform the court whether he desires a stay of this federal case for exhaustion purposes. If petitioner seeks a stay, he shall show good cause for requesting the stay, i.e., diligence in making the claim, that is, a demonstration of why the claim could not have been made earlier.

Petitioner shall have thirty days to file the amended petition in accordance with the court's instructions. A failure to adhere to the court's instructions may result in a dismissal of the petition.

*Conclusion*

1. Respondent's Motion to Dismiss (ECF No. 13) is DENIED without prejudice to its renewal after an amended petition is filed;
2. The petition for writ of habeas corpus (ECF No. 1) is dismissed with leave to amend;
3. The amended petition shall be filed in accordance with the instructions herein within 30 days of the filed date of this order; and
4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: April 10, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE