UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER, | No. 2:19-cv-00013 KJM GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HUNTER ANGLEA, | |
| Respondent. | |

*Introduction and Summary*

Petitioner was residing in prison when, according to the jury, he issued a criminal threat against a staff person. Because of his criminal history, he was sentenced to 25 years to life imprisonment plus 7 years for his threat offense. This federal habeas action followed petitioner's partially successful attempt to exhaust his state court remedies.

Respondent seeks to dismiss this habeas corpus action because it is comprised, in part, of unexhausted claims. (Respondent's Motion to Dismiss, ECF No. 22). Although the undersigned finds only Claim 2 and part of Claim 4 to be unexhausted, these unexhausted claims are easily disposed of on the merits via summary determination as set forth herein. Claim 4 is actually a hybrid of a due process/double jeopardy claim. The due process part is exhausted; the double jeopardy part is not, but as stated, this latter part is subject to summary dismissal. Therefore,

1

respondent's motion to dismiss this action based on unexhausted claims should be denied; however, Claim 2 and the double jeopardy aspect of Claim 4 should be summarily dismissed. Petitioner shall have an opportunity to oppose the summary dismissal via objections to this Findings and Recommendations if he so desires. This action should proceed on Claim 1, 3, and the due process aspect of Claim 4.

*Standards on a Motion to Dismiss Unexhausted Claims*

No one in this case protests the need to exhaust habeas claims with the California Supreme Court. "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was violated. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

In terms of construing the nature of claims in a pro se habeas petition, the allegations are construed liberally, and *reasonable* inferences are to be drawn in petitioner's favor. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). While a federal court cannot invent a claim out of liberal construction of a petition, and while claims must be stated with sufficient particularity, "[n]onetheless, a federal habeas petitioner adequately pleads an otherwise ambiguous claim by making 'clear and repeated' references to an appended supporting brief that presents the claim with sufficient particularity. Dye v. Hofbauer, 546 U.S. 1, 4, 126 S.Ct. 5, 163 L.Ed.2d 1 (2005)." Barnett v. Duffy, 621 Fed. Appx. 496 (9th Cir. 2015). Put another way, courts should look past a potentially, legally errant or ambiguous title of a claim if the appended material makes clear what

the claim really comprises. See also, Frank v. Arnold, 2019 WL 1643653 *3 (N.D. Cal. 2019) (reading the petition somewhat liberally to understand the true claims).

*Procedural Background*

This case proceeds on the First Amended Petition ("FAP"), filed after the undersigned ordered the petition dismissed with leave to amend so that the claims could be stated more clearly with references to exhaustion. ECF No. 17. The FAP (ECF No. 19) lists the following four claims:

1. Sufficiency of the Evidence for a Conviction of Criminal Threats (albeit initially stated in the title as an "unreasonable finding of facts" by the appellate court);
2. Ineffective Assistance of Advisory Counsel (with respect to a plea bargain opportunity);
3. Denial of Right to an Impartial Jury (occasioned by the substitution of jurors taking place after a suspension of proceedings on account of a natural disaster); and
4. Introduction of Prior Convictions as Evidence (violated petitioner's Double Jeopardy protections and constituted an evidentiary Due Process violation).

Exhaustion

*Claim One*

Claim 1 regarding the sufficiency of the evidence of the criminal threats charge was clearly set forth as an issue in the state supreme court Petition for Review. See ECF No. 14-3 at 2, 17-23. In reviewing the argument set forth in the FAP, ECF No. 19 at 9-13, largely a reference to what was set forth in the Petition for Review, one has trouble discerning the basis for respondent's conclusion in the Motion to Dismiss that Claim 1 was not exhausted. It was.

Respondent replied to petitioner's opposition, which for some errant reason, departed from the clear, direct insufficiency of the evidence claim in the FAP, and argued that the claim was exhausted because it was "intertwined" with a yet-to-be-exhausted ineffective assistance of appellate counsel claim. However, the errant nature of petitioner's argument does not transmute the fact that the FAP is based (and argued within) on a direct insufficiency of evidence claim. Insufficiency of the evidence was exhausted.

////

*Claim Two*

After reviewing the Petition for Review and various habeas petition set forth electronically in ECF No. 14, it is equally clear that Claim 2 (ineffective assistance of trial advisory counsel) was *not* exhausted. Petitioner argues that he thought he had raised this claim in an earlier petition with the California Court of Appeal concerning the effectiveness of his appellate counsel, but whatever the correctness of that assertion, ineffective assistance of appellate counsel is not the same claim as a direct ineffective assistance of trial (advisory) counsel, nor is it a presentation to the highest state court.

Nevertheless, it is equally clear that ineffective assistance of trial advisory counsel in whatever form presented is an unrecognized federal claim, and it can be dismissed on the merits despite its unexhausted status. 28 U.S.C. section 2254 (b)(2). The undersigned will so recommend. See, infra. Thus, Claim 2 plays no part in the motion to dismiss for unexhausted claims.

*Claim Three*

The parties agree that Claim 3 is exhausted.

*Claim Four*

With respect to Claim 4, introduction of prior convictions, the undersigned again finds that this claim was exhausted insofar as the use of prior convictions as limited evidence is claimed to be an evidentiary Due Process violation. Compare ECF No. 19 at page 23 (claiming that the conviction violates the Due Process Clause), with ECF No. 14-3 at 8, 23-29 (the Petition for Review before the California Supreme Court). To the extent petitioner really meant to frame the introduction of prior convictions in the FAP as a Double Jeopardy violation, the claim is not exhausted, but it is subject to summary dismissal.

Therefore, Claims 1, 3, and part of Claim 4 (Due Process) are exhausted.

Summary Dismissal

The rules governing federal habeas petition allow for court summary dismissal if the claims are clearly non-cognizable. Rules Section 2254 Cases, Rule 4. The claims regarding ineffective assistance of advisory counsel (Claim 2) and Double Jeopardy because evidence of

4

prior misconduct was utilized in the prosecution's case (part of Claim 4) are clearly non-cognizable.

*Claim Two*

Taking Claim 2 first, petitioner argues that his advisory counsel was ineffective during the plea-bargaining process. He claims further that this claim is exhausted because he did raise ineffective assistance of advisory counsel in the Court of Appeal during appeal where he claims that appellate counsel was ineffective ostensibly for not raising this issue.[1] However, in whatever form presented, no valid federal claim exists.

The Supreme Court also has clearly spoken on this issue. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance." (citing Wainwright v. Torna, 455 U.S. 586 (1982)). The point concerning advisory counsel is elaborated upon in Ruiz v. Frauenheim, 2017 WL 1201752, at *8 (C.D. Cal. 2017):

> Further, there is no federal constitutional right to advisory, standby, or co–counsel. *See United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) ("A defendant does not have a constitutional right to 'hybrid' representation."); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."). Nor does the appointment of such hybrid forms of assistance vitiate a defendant's right to self-representation. *See McKaskle*, 465 U.S. at 176–77. Therefore, having chosen to proceed pro se and absent a constitutional right to the assistance of advisory counsel, Petitioner's claim fails as a matter of law. *See, e.g., United States v. Cochrane*, 985 F.2d 1027, 1029 (9th Cir. 1993) (rejecting as a matter of law that "standby counsel appointed to assist [the defendant]" provided ineffective assistance of counsel); *Saenz v. Van Winkle*, 2014 WL 2986690, at *2 n.2 (D. Ariz. Jul. 2, 2014) ("If a defendant elects to waive counsel, but the court nonetheless appoints stand-by counsel or advisory counsel, there is no constitutional right to effective assistance from 'waived' counsel.").

The rule is no different in California law which is essentially co-extensive with the Sixth Amendment, i.e., advisory counsel cannot be ineffective. People v. Blair, 36 Cal. 4th 686, 722-

---

[1] Petitioner claimed before the appellate court that his appointed appellate counsel was ineffectively pursuing the appeal. He sought a habeas corpus review with the California Supreme Court solely on the failure of the appellate court to substitute counsel on appeal. ECF No. 9.

5

723 (2005) (interpreting the Sixth Amendment), dicta on other grounds disapproved in People v. Rices, 4 Cal. 5th 49, 76 (2017).[2] However, if advisory counsel retains control over part of the case, he is no longer acting in the role of "advisory counsel," but is, in effect, counsel directly representing the defendant for that part of the case. Id. Petitioner does not allege that his "advisory" trial counsel was anything other than advisory during the entirety of petitioner's self-representation, including during any plea negotiations. See FAP, ECF No. 19 at 14. The undersigned has not discovered any court order which qualified petitioner's self-representation during pre-trial or trial proceedings. It follows that appellate counsel in petitioner's case could not have been ineffective for making any argument about the ineffectiveness of trial court advisory counsel because no such claim exists under California or federal law.[3] [4]

---

[2] The Strickland v. Washington [466 U.S. 668 1984] standards for ineffective assistance are essentially the same as those set forth in People v. Watson, 46 Cal. 2d 818 (1956). People v. Ocegueda, 247 Cal. App. 4th 1393 (n.4) 2016), citing Richardson v. Superior Court, 43 Cal. 4th 1040, 1050 (2008).

[3] Accordingly, the undersigned need not determine whether petitioner's sometimes asserted ineffective assistance of appellate counsel claim was exhausted with the California Supreme Court. Suffice it to say here that the undersigned, like respondent, can find no such reference in a state supreme court direct review petition, or petition for habeas corpus. Petitioner listed his alleged deficiencies of appellate counsel in his state petition for habeas corpus before the state supreme court, ECF 14-9 at 15-21; ineffective advisory counsel in plea negotiations was *not* asserted as a flaw in appellate counsel's representation.

[4] See also Dixon v. Ryan, 2016 WL 1045355, at *14 (D. Ariz. 2016):

> Once a court has determined that a defendant's waiver of his right to counsel is knowing and intelligent, it may appoint standby or "advisory" counsel to assist the defendant without infringing on his right to self-representation. *McKaskle v. Wiggins*, 465 U.S. 168, 176–77 (1984). It is well established, however, that "a defendant who waives his right to counsel does not have a right to advisory counsel." *United States v. Moreland*, 622 F.3d 1147, 1155 (9th Cir. 2010); *see United States v. Mendez-Sanchez,* 563 F.3d 935, 947 (9th Cir. 2009) (noting that "under our established precedent there is no right to the assistance of standby counsel"); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) ("Certainly there is no Supreme Court precedent clearly establishing such a right."). Accordingly, if a defendant elects to waive counsel, but the court nonetheless appoints stand-by or advisory counsel, there is no constitutional right to effective assistance from waived counsel. *See Wilson v. Parker*, 515 F.3d 682, 697 (6th Cir. 2008) ("Logically, a defendant cannot waive his right to counsel and then [Continued…]

*Part of Claim Four*

Addressing the second part of Claim 4 (use of priors as evidence violated the Double Jeopardy protections of the Fifth Amendment), petitioner's claim is again non-cognizable.

> Underlying our approval of the Henry evidence in *Dowling* is an endorsement of the basic, yet important, principle that the *introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct*. 3
>
> That principle is clearly applicable here. At the Missouri trial, the Government did not in any way prosecute Felix for the Oklahoma methamphetamine transactions; it simply introduced those transactions as prior acts evidence under Rule 404(b). The Government was therefore free to prosecute Felix in the trial below for the substantive drug crimes detailed in Counts 2 through 6.

United States v. Felix, 503 U.S. 378, 387-388 (1982) [footnote 3 omitted] (emphasis added); see also, U.S. ex rel McDonald v. Page, 108 F. Supp 2d 993, 1002 (N.D. Ill. 2009):

> The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy...." U.S. Const. amend V. "At its root, the Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the 'same offence.' " *United States v. Felix*, 503 U.S. 378, 386, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) (citations omitted). Importantly for this case, "the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." *Id*. at 388, 112 S.Ct. 1377. Therefore, contrary to McDonald's argument, evidence of his prior conviction of sexually assaulting F.M. was not a second prosecution for that crime. *See id.* (holding that the introduction of evidence of an earlier robbery, of which the defendant was acquitted, at a trial for a subsequent bank robbery did not violate the double jeopardy clause). The Illinois appellate court rejected McDonald's argument on direct appeal, holding that the evidence was "admissible to show the relationship and familiarity of the parties, to show the defendant's intent, to show the defendant's design or course of conduct and to corroborate the victim's testimony concerning the crime." (R. 8, Ex. C, pg.10.) The trial court also instructed the jury that it was to consider the evidence only for its proper purpose. (*See id*.) These rulings are not contrary to any Supreme Court precedent—indeed, the state court

---

complain about the quality of his own defense."). In *Simpson,* for example, the petitioner argued that stand-by counsel performed ineffectively by failing to assist him in the mitigation phase of his capital sentencing. 458 F.3d at 597. The Seventh Circuit affirmed the district court's denial of the claim, explaining that "the inadequacy of standby counsel's performance...cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment." *Id*.

rulings were entirely consistent with *Felix*. *See Felix*, 503 U.S. at 386, 112 S.Ct. 1377. Therefore, the court denies McDonald's claim that he was subject to double jeopardy.

To the extent petitioner alleges that Double Jeopardy protection was introduced in petitioner's bifurcated "prior's trial" for sentencing purposes, <u>see</u> ECF No. 19-1, the cases are legion that admission of prior convictions for sentencing purposes does not violate the Double Jeopardy Clause. <u>See</u> <u>United States v. Kaluna</u>, 192 F.3d 1188, 1198 (9th Cir.1999) (en banc) (quoting <u>Witte v. United States,</u> 515 U.S. 389, 399 (1995), for the proposition that recidivist sentencing schemes do not violate double jeopardy clause).

For the above reasons, Claim 2 and the Double Jeopardy aspect of Claim 4 should be summarily dismissed.

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's Motion to Dismiss Unexhausted Claims (ECF No. 22) should be denied;
2. Claim 2 and the Double Jeopardy part of Claim 4 of the Petition should be summarily dismissed; and
3. If these Findings and Recommendations are adopted, respondent should be ordered to answer Claims 1, 3, and the Due Process evidentiary claim of Claim 4.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE