UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER, | No. 2:19-cv-00013 KJM GGH P |
| Petitioner, | |
| v. | ORDER |
| HUNTER ANGLEA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). ECF No. 26.

A court may grant a party's request for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Here, petitioner seeks clarification regarding respondent's motion to dismiss for failure to exhaust, opposition to request for stay, and respondent's reply brief regarding the motion to dismiss. However, the court has addressed respondent's motion to dismiss based on the parties' briefing (see ECF Nos. 22, 23, 24) in its July 12, 2019 Findings and Recommendations. ECF No. 25. The court recommended that respondent's motion to dismiss this action based on unexhausted claims should be denied; however, that Claim 2 and the double jeopardy aspect of Claim 4 should be summarily dismissed. See ECF No. 25. Petitioner was further informed of his

1

opportunity to oppose the summary dismissal via objections to the July 12, 2019 Findings and Recommendations, but that this action should proceed on Claim 1, 3, and the due process aspect of Claim 4.  Id.  The court finds the substance of respondent's motion to dismiss is clear.  Moreover, petitioner did not raise any objections to its form when he filed an opposition to the motion.  See ECF No. 23.  Accordingly, the court will deny petitioner's motion for a more definite statement.

Alternatively, in the present motion, petitioner requests his case to be voluntarily dismissed without prejudice.

In accordance with above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a more definite statement (ECF No. 26) is denied;

2. If petitioner remains of the opinion that his petition be dismissed without prejudice, he may reiterate such a request in any objections he may file with respect to the July 12, 2019 Findings and Recommendations.  If petitioner makes such a request, respondent shall notify this court, within seven days, whether respondent has any objection to the dismissal of this action.  Should respondent fail to respond, petitioner's request will be granted pursuant to Fed. R. Civ. P. 41(a).  See Rule 12, Rules Governing Habeas Corpus Cases Under Section 2254.

Dated: July 19, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE